**DAISY CONSTRUCTION COMPANY,**
Petitioner

v.

**SECRETARY OF LABOR, Respondent.**

No. 12–1202.

United States Court of Appeals,
District of Columbia Circuit.

May 2, 2013.

Courtney Wirth Griffin, Morgan, Lewis, & Bockius LLP, Philadelphia, PA, David Michael Kerr, Morgan, Lewis & Bockius LLP, Washington, DC, for Petitioner.

Louise McGauley Betts, Esquire, Occupational Safety & Health Administration (OSHA) Office of the Solicitor, Heather Renee Phillips, Lisa A. Wilson, U.S. Department of Labor (LABR) Office of the Solicitor, Washington, DC, for Respondent.

Before: BROWN, Circuit Judge, and EDWARDS and SILBERMAN, Senior Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the Occupational Safety & Health Review Commission and upon the briefs and oral arguments of the parties. *See* Fed. R.App. P. 34(a)(2). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons explained in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM*

The Occupational Safety and Health Administration ("OSHA") cited petitioner Daisy Construction for the willful violation of 29 C.F.R. §§ 1926.651(k)(2) and 1926.652(a)(1) on the basis that Daisy su-

pervisors knowingly permitted employees to work in an unsecured trench. The Administrative Law Judge ("ALJ") affirmed the citation and imposed a penalty of $56,000. *See Daisy Constr. Co.,* 23 O.S.H. Cas. (BNA) 2244 (No. 10–2248, 2012). The Occupational Safety and Health Review Commission ("OSHRC") adopted the ALJ decision in full. *See Daisy Constr. Co.,* OSHRC Docket No. 10–2248 (Feb. 22, 2012). On appeal, Daisy maintains the ALJ erred in rejecting its "unpreventable employee misconduct" defense and classifying the violation as willful. We disagree.

"Our standard of review is deferential." *Wal–Mart Stores, Inc. v. Sec'y of Labor,* 406 F.3d 731, 734 (D.C.Cir.2005). "We affirm Commission decisions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Commission's findings of fact are conclusive if they are supported by substantial evidence on the record considered as a whole." *Am. Wrecking Corp. v. Sec'y of Labor,* 351 F.3d 1254, 1261 (D.C.Cir.2003) (internal citations and quotation marks omitted).

There was sufficient evidence on the record considered as a whole to support the ALJ's reasoned determination that both Randy Drake, Daisy's foreman at the trench site, and Silvano DelSignore, Daisy's high-ranking Operation Manager and stand-in project superintendent, witnessed—but did nothing to protect—employees working in a noncompliant, unsecured trench. Drake, for example, testified that DelSignore joined him at the worksite "off and on" throughout the day and "knew" that the employees labored in a noncompliant trench. *See* J.A. 68–69. The ALJ deemed Drake a credible witness and we have no reason to conclude otherwise. *See AJP Constr.,*

*Inc. v. Sec'y of Labor,* 357 F.3d 70, 73 (D.C.Cir.2004) (noting the court "must accept the ALJ's credibility determinations ... unless they are patently unsupportable").

Petitioner's appeal cannot survive so inconvenient a truth. It is well-established that when "a supervisor is involved ... the proof of unpreventable employee misconduct is more rigorous and the defense is more difficult to establish since it is the supervisor's duty to protect the safety of employees under his supervision." *Reynolds, Inc.,* 19 O.S.H. Cas. (BNA) 1653, *4 (No. 00–0982, 2001) (internal quotation marks omitted); *see also Nat'l Realty & Constr. Co. v. OSHRC,* 489 F.2d 1257, 1267 n. 38 (D.C.Cir.1973) ("[T]he fact that a foreman would feel free to breach a company safety policy is strong evidence that implementation of the policy was lax."); *Complete Gen. Constr. Co.,* 20 O.S.H. Cas. (BNA) 1412 (No. 02–1896, 2003), *aff'd* No. 03–4456, 2005 WL 712491, at *2 (6th Cir. Mar. 29, 2005) (per curiam) ("[N]egligent behavior by a supervisor or foreman ... raises an inference of lax enforcement and/or communication of the employer's safety policy." (internal quotation marks omitted)); *4 State Trucks,* 22 O.S.H. Cas. (BNA) 1929, *7 (No. 08–1125, 2009) ("A supervisor's failure to comply with a workrule, plus the employees' willingness to break the workrule in the supervisor's presence, indicate lax enforcement or communication of the workrule."); *Archer–Western Contractors, Ltd.,* 15 O.S.H. Cas. (BNA) 1013, 1017 (No. 87–1067, 1991) ("[A] supervisor's involvement in the misconduct is strong evidence that the employer's safety program was lax."). That presumption holds particular weight here, where *two* company supervisors—including one of DelSignore's prominence and clout—failed to correct a knowing violation of OSHA's

safety regulations. At bottom, we cannot say on present facts that Daisy has demonstrated[1] unpreventable employee misconduct where employees and supervisors at all levels have so brazenly eschewed worker safety.[2] We reject Daisy's "good faith" challenge to the willfulness finding for the same reasons.[3]

In view of the above, the petition for review must be denied.

---

1. Because this case arose in Delaware, Daisy maintains this panel should apply Third Circuit case law—not that of this Circuit—to determine which party bears the burden of establishing unpreventable employee misconduct. Although this Court has not considered the underlying question at length, all indicia suggest we treat the "unpreventable employee misconduct" argument as an affirmative defense in which the burden falls on the employer. In *CBI Services, Inc.*, 19 O.S.H. Cas. (BNA) 1591 (No. 95–0489, 2001), *aff'd* 53 Fed.Appx. 122 (D.C.Cir.2002), for example, we concluded that employer CBI "failed to establish the affirmative defense of unpreventable employee misconduct," *id.* at 122, and cited for this proposition *P. Gioioso & Sons, Inc. v. OSHRC*, 115 F.3d 100, 109 (1st Cir. 1997), which states: "The employer must shoulder the burden of proving all four elements of the UEM defense." This view comports with recent ALJ and OSHRC decisions. *See, e.g., Diamond Installations, Inc.*, 21 O.S.H. Cas. (BNA) 1688, *3 (No. 02–2080, 2006) ("A claim of unpreventable employee misconduct is an affirmative defense for which the employer carries the burden of proof."). The Third Circuit, by contrast, has

"held that the Secretary must disprove 'unpreventable conduct' in the special situation where the alleged violative conduct is that of a *supervisor*." *N.Y. State Electric & Gas Corp. v. Sec'y of Labor*, 88 F.3d 98, 107 (2d Cir. 1996) (documenting circuit split). Thankfully, we need not resolve this curious, potentially significant choice-of-law question because Daisy would lose under either standard. We leave it instead for future consideration.

2. We find additional support for this conclusion in, among other things, Daisy's lax administration of its safety compliance program. Drake testified that he had seen Daisy workers in unprotected trenches prior to this incident, *see* J.A. 73–74, and an employer from a third-party contractor averred that he had witnessed similar unprotected trenches at other Daisy worksites as well as other unsafe practices, including the use of a backhoe to "lift one guy off the ground," J.A. 104–105.

3. In doing so, we assume *arguendo* Daisy has not waived its "good faith" challenge to the willfulness filing in failing to make that claim in the proceeding below.